FILED
7/23/21 11:29 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| Ronald Dwight Lord | : | Case No. 20-10551-TPA |
| Mary Louise Lord | : | Chapter 13 |
| *Debtor* | : | |

# PLAN CONFIRMATION ORDER

**A**    It is hereby **ORDERED** that with the consent of the Debtor(s), the Chapter 13 Plan dated **June 2, 2021** except as modified herein as checked below, is **CONFIRMED** in accord with *11 USC 1325*. On the effective date of this Order, the Chapter 13 Trustee shall pay administrative, secured and priority creditors identified in the Plan. General unsecured creditors will not receive distributions at least until the government bar date has passed and the Chapter 13 Trustee has submitted a *Notice of Intention to Pay Claims* to the Court. Confirmation of this Plan pursuant to this Order is without prejudice to reconsideration following a status conference held by the Chapter 13 Trustee to gauge the progress of Plan implementation which ***Status Conference*** is scheduled for ***N/A*** (which may, upon agreement of the Parties, be continued from time to time *provided however* that following the 3rd continuance, the matter shall be set for hearing before the Court), following which time the Plan may be modified to the satisfaction of all Parties after notice and hearing before the Court, or the status conference may be marked closed by the Chapter 13 Trustee.

**B**    **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED**:

   **1.**    **Objections to the Plan:** This Order is effective as of the date indicated below. Pursuant to *Fed.R.Bankr.P. 2002(b)*, any party in interest with an objection to any provision of this Confirmation Order must file a written objection within the twenty-eight (28) day period following entry of this Order. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may only disburse funds pursuant to this confirmation order upon expiration of the foregoing twenty-eight (28) day period.

   **2.**    **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

   **3.**    **Review of Claims Docket and Objections to Claims.** Pursuant to *LBR 3021-1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review all proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

   **4.**    **Motions or Complaints Pursuant to §§506, 507, or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507* and *522* shall be filed within ninety (90) days after the claims bar date.

   **5.**    **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the Plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**C**    **IT IS FURTHER ORDERED THAT:**

   **1.**    Plan terms are subject to the resolution of: timely but yet to be filed claims including government claims; all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount

Revised 2/24/2021

of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

      **2.**      Following payment of allowed secured and priority claims the allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

      **3.**      After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

      **4.**      Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

      **5.**      Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' Counsel and Debtor*(s)* at least twenty-one (21) days prior to the change taking effect.

      **6.**      Debtor(s) shall file an Amended Schedule I in the event of:

      (a) Household income increases, because of new employment, promotion, or otherwise, since any increase in disposable income shall qualify for modification under §1329 retroactive to the date of the increase.

      (b) A reduction in payroll withholding (including any Domestic Support Obligation and retirement loan(s) repayments), or any increase of 10% in household income. Any indicated increase in disposable income (and the fund created for the benefit of general Unsecured Creditors) is retroactive to the date of the payoff of the obligation or increase in household income.

      (c) Household income increases by 1% or more over most the recently filed Schedule I. Any indicated increase in disposable income (and the fund created for the benefit of general Unsecured Creditors) is retroactive to the date of the increase in household income.

      **7.**      Debtor(s) shall provide Trustee annual tax returns and statements of income and expenses, in accordance with Section 521(f) and (g), and shall file an amended plan reflecting any increase in disposable income retroactive to date of increase.

      **8.**      Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

      **9.**      The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising preconfirmation defaults in any subsequent motion to dismiss.

      **10.**      In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

      11.      Any prior Confirmation Order entered in this matter is *VACATED*.

Dated: July 23, 2021
(Effective Date)

Thomas P. Agresti    **ljm**
United States Bankruptcy Judge

cc: All Parties in interest to be served by Clerk in seven (7) days

Revised 2/24/2021

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-10551-TPA |
| Ronald Dwight Lord, Sr. | Chapter 13 |
| Mary Louise Lord | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: bsil | Page 1 of 2 |
| Date Rcvd: Jul 23, 2021 | Form ID: pdf900 | Total Noticed: 23 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++    Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 25, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Ronald Dwight Lord, Sr., Mary Louise Lord, 10610 State Highway 618, Conneaut Lake, PA 16316-2632 |
| 15278776 | + | Aas Debt Recovery Inc, Po Box 129, Monroeville, PA 15146-0129 |
| 15278777 | ++ | CHRYSLER FINANCIAL, 27777 INKSTER RD, FARMINGTON HILLS MI 48334-5310 address filed with court:, CFC Deficiency Recover, 5225 Crooks Road, Suite 140, Troy, MI 48098 |
| 15288874 | | CSMC 2020-RPL2 Trust, c/o Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250 |
| 15278780 | + | Commonwealth Financial Systems Inc, 120 North Keyser Avenue, Scranton, PA 18504-9701 |
| 15278783 | + | Creditech, 50 N 7th St, Bangor, PA 18013-1791 |
| 15278782 | + | Creditech, 50 North 7th Street, Bangor, PA 18013-1791 |
| 15278784 | + | Erie Pathology Associates, 1526 Peach Street, Erie, PA 16501-2110 |
| 15293237 | + | First National Bank of Pennsylvania, c/o Karen L. Hughes, Esquire, AAS Debt Recovery Inc., 2526 Monroeville Blvd., Suite 205, Monroeville, PA 15146-2371 |
| 15278789 | + | Santander Consumer Usa, 8585 North Stemmons Freeway Suite 1100-N, Dallas, TX 75247-3822 |
| 15278790 | + | Select Portfolio Servicing, Inc., PO Box 65450, Salt Lake City, UT 84165-0450 |
| 15278793 | | Td Auto Finance, 27777 Franklin Road, Farmington Hills, MI 48334 |
| 15293894 | | UPMC Health Services, PO Box 1123, Minneapolis, MN 55440-1123 |
| 15293892 | | UPMC Physician Services, PO Box 1123, Minneapolis, MN 55440-1123 |
| 15278794 | + | Windstream, 11317 Mercer Pike, Meadville, PA 16335-6261 |

TOTAL: 15

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 15278778 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Jul 23 2021 23:15:14 | Citifinancial, 300 Saint Paul Pl, Baltimore, MD 21202 |
| 15278779 | | Email/Text: Bankruptcy.RI@Citizensbank.com | Jul 23 2021 23:00:00 | Citizens Bank, 1 Citizens Drive, Riverside, RI 02915 |
| 15278781 | | Email/Text: rkiser@co.crawford.pa.us | Jul 23 2021 23:00:00 | Crawford County Tax Claim Bureau, Court House, 903 Diamond Square, Meadville, PA 16335-2694 |
| 15278785 | + | Email/Text: mwetherbee@mmchs.org | Jul 23 2021 23:00:00 | Meadville Medical Center, 1034 Grove Street, Meadville, PA 16335-2945 |
| 15278786 | + | Email/Text: egssupportservices@alorica.com | Jul 23 2021 23:00:00 | NCO Financial Systems, Attention: Bankruptcy, 507 Prudential Road, Horsham, PA 19044-2308 |
| 15278788 | + | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jul 23 2021 23:00:00 | PA Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |
| 15278791 | + | Email/Text: bankruptcy@sw-credit.com | Jul 23 2021 23:00:00 | Southwest Credit Syste, 4120 International Parkway Suite 1100, Carrollton, TX 75007-1958 |
| 15278792 | + | Email/Text: bankruptcy@sw-credit.com | Jul 23 2021 23:00:00 | Southwest Credit System, 4120 International Parkway Suite 1100, Carrollton, TX 75007-1958 |

TOTAL: 8

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | CSMC 2020-RPL2 Trust |
| 15278787 | *+ | NCO Financial Systems, Attention: Bankruptcy, 507 Prudential Rd, Horsham, PA 19044-2308 |

TOTAL: 1 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 25, 2021                Signature:     /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 23, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor CSMC 2020-RPL2 Trust bnicholas@kmllawgroup.com |
| Daniel P. Foster | on behalf of Debtor Ronald Dwight Lord Sr. dan@mrdebtbuster.com, katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com |
| Daniel P. Foster | on behalf of Joint Debtor Mary Louise Lord dan@mrdebtbuster.com katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com |
| Maria Miksich | on behalf of Creditor CSMC 2020-RPL2 Trust mmiksich@kmllawgroup.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 6